# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-03010 (PKC) <br><br> [PROPOSED] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER |

*This Document Relates To*:

| | |
|---|---|
| DOTDASH MEREDITH INC. A/K/A PEOPLE INC. and MEREDITH OPERATIONS CORPORATION, <br><br> *Plaintiffs*, <br><br> v. <br><br> GOOGLE LLC and ALPHABET INC., <br><br> *Defendants*. | Case No. 1:25-cv-07194 (PKC) |
| INSIDER, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> GOOGLE LLC and ALPHABET INC., <br><br> *Defendants*. | Case No. 1:25-cv-07409 (PKC) |
| THE SLATE GROUP LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> GOOGLE LLC and ALPHABET INC., <br><br> *Defendants*. | Case No. 1:25-cv-07697 (PKC) |

| | |
|---|---|
| CMI MARKETING, INC, <br><br> *Plaintiff,* <br><br> v. <br><br> GOOGLE LLC and ALPHABET INC., <br><br> *Defendants.* | Case No. 1:25-cv-08630 (PKC) |
| ADVANCE PUBLICATIONS, INC., ADVANCE MAGAZINE PUBLISHERS INC., ADVANCE LOCAL MEDIA LLC, PLAIN DEALER PUBLISHING CO., and THE REPUBLICAN COMPANY, <br><br> *Plaintiffs,* <br><br> v. <br><br> GOOGLE LLC and ALPHABET INC., <br><br> *Defendants.* | Case No. 1:26-cv-00343 (PKC) |
| McCLATCHY MEDIA COMPANY, LLC, McCLATCHY SHARED SERVICES, LLC, and A360 MEDIA, LLC, <br><br> *Plaintiffs,* <br><br> v. <br><br> GOOGLE LLC and ALPHABET INC., <br><br> *Defendants.* | Case No. 1:26-cv-00339 (PKC) |

| | |
|---|---|
| VOX MEDIA, LLC,<br><br>   *Plaintiff*,<br><br>  v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>   *Defendants*. | Case No. 1:26-cv-00325 (PKC) |
| THE ATLANTIC MONTHLY GROUP LLC,<br><br>   *Plaintiff*,<br><br>  v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>   *Defendants*. | Case No. 1:26-cv-00272 (PKC) |
| PENSKE MEDIA CORPORATION and SHEMEDIA, LLC,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>   *Defendants*. | Case No. 1:26-cv-00225 (PKC) |
| ZIFF DAVIS, INC.,<br><br>   *Plaintiff*,<br><br>  v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>   *Defendants*. | Case No. 1:26-cv-01055 (PKC) |

This Civil Case Management Plan ("Order") applies to the above-captioned Publisher Cases, including both the Group 1 Publisher Cases and the Group 2 Publisher Cases.[1]

1. The Parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. Plaintiffs in the Publisher Cases demand a jury trial.

3. Following the Court's decision on the motion to dismiss docketed at ECF No. 1249, in each Group 2 Publisher Case and in *CMI Marketing, Inc. v. Google LLC*, No. 1:25-cv-08630-PKC (S.D.N.Y.), Google LLC and Alphabet Inc. (together, "Google") shall either (a) within 10 days of the Court's decision, submit a pre-motion letter seeking leave to file a motion to dismiss the complaint, or (b) within 21 days of the Court's decision, answer the complaint.

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties in the Group 2 Publisher Cases shall be filed within 30 days from the date of this Order.

---

[1] The "Group 1 Publisher Cases" refer to *Dotdash Meredith Inc. v. Google LLC*, No. 1:25-cv-07194-PKC (S.D.N.Y.); *Insider, Inc. v. Google LLC*, No. 1:25-cv-07409-PKC (S.D.N.Y.); *Slate Group LLC v. Google LLC*, No. 1:25-cv-07697-PKC (S.D.N.Y.); and *CMI Marketing, Inc. v. Google LLC*, No. 1:25-cv-08630-PKC (S.D.N.Y.).

The "Group 2 Publisher Cases" refer to *Advance Publications, Inc. v. Google LLC,* No. 1:26-cv-00343-PKC (S.D.N.Y.); *McClatchy Media Company v. Google LLC,* No. 1:26-cv-00339-PKC (S.D.N.Y.); *Vox Media, LLC v. Google LLC*, No. 1:26-cv-00325-PKC (S.D.N.Y.); *The Atlantic Monthly Group LLC v. Google LLC*, No. 1:26-cv-00272-PKC (S.D.N.Y.); *Penske Media Corporation v. Google LLC,* No. 1:26-cv-00225-PKC (S.D.N.Y.); and *Ziff Davis, Inc. v. Google LLC*, No. 1:26-cv-01055-PKC (S.D.N.Y.).

"Publisher Cases" refers to the Group 1 Publisher Cases and the Group 2 Publisher Cases collectively.

5.  Fact discovery shall commence in the Group 2 Publisher Cases upon entry of this Order. Initial disclosures in the Group 2 Publisher Cases, pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall be served not later than 7 days from the date of this Order.

6.  All fact discovery in the Group 2 Publisher Cases shall be completed no later than June 5, 2026.

7.  Discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim deadlines in the Group 2 Publisher Cases may be extended by the written consent of the parties without application to the Court, provided that all fact discovery is completed by the deadline set forth pursuant to paragraph 6 above.

    7.1. Initial requests for production of documents in the Group 2 Publisher Cases shall be served not later than 14 days from the date of this Order. The Parties shall substantially complete production of documents and data responsive to initial requests for production in the Group 2 Publisher Cases by April 10, 2026.

    7.2. Interrogatory responses of Google in this MDL are useable as if posed in any of the Publisher Cases, except to the extent that a specific response exclusively addresses the actions of a plaintiff other than another plaintiff in the Publisher Cases. Plaintiffs in the Group 2 Publisher Cases may serve a combined set of no more than 10 interrogatories on Google by no later than 21 days from the date of this Order. Google may serve up to 10 interrogatories in each Group 2 Publisher Case by no later than 21 days from the date of this Order.

    7.3. Requests to Admit may be served in the Group 2 Publisher Cases no later than 45 days prior to the close of fact discovery. Plaintiffs in the Group 2 Publisher Cases

5

may serve up to 20 Requests to Admit on Google, and Google may serve no more than 20 Requests to Admit in each Group 2 Publisher Case. No Requests to Admit shall be served for the purpose of authenticating documents.

7.4. Depositions of fact witnesses in the Group 2 Publisher Cases shall be completed by the close of fact discovery. Each plaintiff in a Group 2 Publisher Case shall be permitted to notice up to 4 fact-witness depositions. Google shall be permitted to notice up to 10 fact-witness depositions in each Group 2 Publisher Case. No plaintiff in a Group 2 Publisher Case may, absent a showing of good cause, notice a deposition of a witness whose deposition already has been noticed by the MDL Plaintiffs in the initial group of MDL cases,[2] noticed by a plaintiff in a Group 1 Publisher Case, or cross-noticed by the MDL Plaintiffs in the initial group of MDL cases during the Coordinated Discovery Period in *United States v. Google LLC*, No. 23-cv-00108-LMB-JFA (E.D. Va.) ("Virginia Action").[3] A party may seek leave of Court to depose additional witnesses by identifying the particular witness by name (or Rule 30(b)(6) categories), describing the matters on which they have unique knowledge, and identifying the actions to which the particular witness pertains. No deposition taken pursuant to a notice under Rule 30(b)(1) or Rule 30(b)(6) shall last longer than 7 hours without the consent of the examined or leave of Court. No deposition shall be noticed for a date sooner than 21 days after service of the notice.

---

[2] The "initial group of MDL cases" includes *In re: Google Digital Publisher Antitrust Litig.*, No. 1:21-cv-07034-PKC (S.D.N.Y.); *In re: Google Digital Advertising Antitrust Litig.*, No. 1:21-cv-07001-PKC (S.D.N.Y.); *Associated Newspapers Ltd. v. Google LLC*, No. 1:21-cv-03446-PKC (S.D.N.Y.); *Gannett Co., Inc. v. Google LLC*, No. 1:23-cv-05177-PKC (S.D.N.Y.); and *Inform Inc. v. Google LLC*, No. 1:23-cv-01530-PKC (S.D.N.Y.).

[3] *See* ECF No. 564 ¶ 1(c) (defining "Coordinated Discovery Period").

7.5. The parties are encouraged to stipulate to the manner of conducting a particular deposition (e.g., in-person, videotaped, telephonically, remote video, written questions).

8. The expert discovery schedule entered by ECF No. 1300 for the Group 1 Publisher Cases is vacated. Expert discovery in all Publisher Cases shall proceed on the following schedule:

    8.1. Plaintiffs' opening expert reports shall be served by July 6, 2026.

    8.2. Google's responsive expert reports shall be served by September 11, 2026.

    8.3. Plaintiffs' rebuttal expert reports shall be served by October 26, 2026.

    8.4. All expert discovery shall be completed by December 18, 2026.

9. The Stipulation and Order Regarding Expert Discovery (ECF No. 428), the Order Regarding Discovery Procedure (ECF No. 508), and the Modified Confidentiality Order (ECF No. 685) shall apply to all Publisher Cases.

10. <u>Coordination of Publisher Cases</u>.

    10.1. All documents and data produced in any Publisher Case may be used in any other Publisher Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

    10.2. All documents and data produced during fact discovery in the initial group of MDL cases may be used in any Publisher Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

10.3. The transcript[4] and exhibits from any deposition taken in any Publisher Case may be used in any other Publisher Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

10.4. The transcript and exhibits from any deposition taken in the initial group of MDL cases may be used in any Publisher Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

10.5. The transcript and exhibits from the liability trial in the Virginia Action, and the transcript and exhibits from any depositions of fact witnesses (other than current and/or former Meta employees whose transcripts have not been previously produced in this MDL[5]) taken in the liability phase of the Virginia Action, may be used in any Publisher Case for any purpose permissible under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including for purposes of impeachment at trial).

11. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion letter requirements. Pursuant to the authority of Rule 16(c)(2), any motion for summary judgment will be deemed untimely unless a pre-motion letter relating thereto is filed no later than 14 days after the date set by the Court for the close of expert discovery.

---

[4] As used in this Order, "transcript" means any recording of testimony, including recordings by stenographic means and by video.

[5] *See* ECF No. 564 ¶ 3(g)(iii).

12. The time for filing Final Pre-Trial Submissions is stayed pending further Order of this Court.

13. The next Case Management Conference will be scheduled at a future date.

14. This Order is entered pursuant to Rule 16(b), Fed. R. Civ. P., and may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Practices and shall be made no less than fourteen (14) days prior to the expiration of the date sought to be extended.

Dated: 2/27/2026

_____
P. Kevin Castel
United States District Judge